FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2011 JUN -1 AM 11:08

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

Richard H Hartman II
    Plaintiff

vs.

CIVIL ACTION
FILE NO: 8:11-cv-1102-JSM-MAP

Jaffe & Asher, LLP.
Ross B. Hofherr
Henschel & Beinhaker, P.A.
Drew Beinhaker
    Defendants,
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Richard H Hartman II, brings this action against Defendant Jaffe & Asher, LLP. (hereinafter referred to as "Jaffe"), Defendant Ross B. Hofherr (hereinafter referred to as Hofherr), Defendant Henschel & Beinhaker, P.A. (hereinafter referred to as "Henschel"), and Defendant Drew Beinhaker (hereinafter referred to as "Beinhaker" on the grounds and in the amounts set forth herein.

## PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding the collection of a consumer debt. Plaintiff, an individual, institutes this action for statutory damages against each Defendant and actual damages from Defendants, as well as attorney fees and the costs of this action Jointly and Severally against all Defendants for Defendants' multiple violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA") 15 U.S.C. § 1692 *et seq*, as well as the Florida Consumer Collections Practices Act (Hereinafter FCCPA) Title XXXIII, Chapter 559, Part VI of the Florida Statutes.

## **PARTIES**

1. Plaintiff is a natural person, residing in the city of Hudson, Pasco County, Florida.

2. Defendant Jaffe is a New York law firm engaged in the business of collecting debts throughout the United States, with its principal office located at 600 Third Avenue, New York, NY 10016.

3. Defendant Jaffe may be served at its principal executive office, located at 600 Third Avenue, New York, NY 10016.

4. Defendant Jaffe is engaged in the collection of consumer debts using the telephone, the US mail and all other means at its disposal.

5. Defendant Jaffe regularly attempts to collect consumer debts alleged to be due to another.

6. Defendant Jaffe is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. Defendant Hofherr is an attorney employed by Jaffe & Asher, LLP.

8. As the employee of a debt collector, Defendant Hofherr is also a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. Defendant Hofherr is not licensed to practice law in Florida.

10. Defendant Hofherr may be served at his place of business, located at 600 Third Avenue, New York, NY 10016.

11. Defendant Henschel is a Florida Corporation engaged in the business of collecting debts in the state of Florida, with its principal place of business located at 4060 Sheridan Street, Suite C, Hollywood, FL 33021.

12. Defendant Henschel may be served upon its registered agent Drew Beinhaker at 4060 Sheridan St, Suite C, Hollywood, FL 33021

13. Defendant Henschel is engaged in the collection of consumer debts using the telephone, the US mail and all other means at its disposal.

14. Defendant Henschel regularly attempts to collect consumer debts alleged to be due to another.

15. Defendant Henschel is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

16. Defendant Beinhaker is the president of the law firm of Henschel & Beinhaker, P.A.

17. As an officer of a corporation that is a debt collector, Defendant Beinhaker is also a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6).

18. Defendant Beinhaker resides at 1330 West Ave, #1610, Miami Beach, FL 33139

19. Defendant Beinhaker may be served at his place of business, located at 4060 Sheridan Street, Suite C, Hollywood, FL 33021.

20. The alleged debt Defendants were attempting to collect was incurred for the personal, family, or household use of the Plaintiff.

## JURISDICTION AND VENUE

21. Jurisdiction is conferred on this Court by the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

22. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

## STATUTORY STRUCTURE FDCPA

23. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, and to promote consistent State action to protect consumers against debt collection abuses [15 U.S.C. § 1692k].

24. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt [15 U.S.C. § 1692a(3)].

25. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes [15 U.S.C. § 1692a(6)].

26. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another [15 U.S.C. § 1692a(6)].

27. Under the FDCPA, employees of a "debt collector" are also debt collectors [FDCPA, 15 U.S.C. § 1692a(6)].

28. Under the FDCPA, officers of a corporation that is a "debt collector" are also "debt collectors" [FDCPA, 15 U.S.C. § 1692a(6)].

29. Under the FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt [15 U.S.C. § 1692d].

30. Under the FDCPA, a debt collector may not use any false, deceptive or misleading misrepresentation or means in connection with the collection of any debt [15 U.S.C. § 1692e].

31. Under the FDCPA, a debt collector may not falsely represent the character, amount or legal status of any debt [15 U.S.C. § 1692e(2)(A)].

32. Under the FDCPA, a debt collector may not threaten to take, or take any action that cannot be legally taken or that is not intended to be taken [15 U.S.C. § 1692e(5)].

33. Under the FDCPA, a debt collector may not use any false representation or deceptive means to collect or attempt to collect any debt [15 U.S.C. § 1692e(10)].

34. Under the FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt [15 U.S.C. § 1692f].

35. Any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for actual damages sustained by such person as a result of such failure, as well as statutory damages up to $1,000, attorney's fees as determined by the Court and the costs of litigation [15 U.S.C. § 1692k].

## STATUTORY STRUCTURE FCCPA

36. Under the FCCPA, a debt collector may not assert the existence of a legal right to attempt to collect a debt when the debt collector knows such legal right does not exist [FCCPA 559.72(9)]

37. Any debt collector who fails to comply with any provision of FCCPA 559.72 is liable for actual damages, statutory damages not to exceed $1,000, reasonable attorney's fees and court costs [FCCPA 559.77 (2)].

## FACTUAL ALLEGATIONS

38. Plaintiff is involved in a dispute with American Express Centurion Bank (AMEX) over an alleged credit card debt.

39. The alleged account in the dispute is a Blue from American Express account.

40. The terms and conditions of the alleged debt are specified in the *Blue from American Express Cardmember Agreement*, hereinafter referred to as Agreement (attached hereto as Plaintiff's Exhibit A).

41. The Agreement includes an Arbitration Provision.

42. The Arbitration Provision states that if a party to a claim elects to have the claim resolved by arbitration, both parties to the claim thereby waive the right to litigate that claim in court.

43. The exact language states: "IF ARBITRATION IS CHOSEN BY ANY PARTY WITH RESPECT TO A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR HAVE A JURY TRIAL ON THAT CLAIM."

44. On August 16, 2010, Plaintiff notified AMEX via U.S. Mail that Plaintiff was electing arbitration as the medium in which to resolve the dispute, and that any action against Plaintiff to collect the alleged debt must be initiated in that forum.

45. On March 22, 2011, the law firm of Jaffe & Asher, LLP., outside counsel to AMEX, sent Plaintiff a letter regarding the alleged debt.

46. The written correspondence sent to Plaintiff identified Jaffe & Asher as a law firm (attached hereto as Plaintiff's Exhibit B).

47. The letter sent to Plaintiff by Jaffe & Asher was signed by Jamie Polan, an attorney with Jaffe & Asher.

48. The letter dated March 22, 2011 did not inform Plaintiff that Jaffe & Asher's attorneys are not licensed in the state of Florida.

49. The letter dated March 22, 2011 did not inform Plaintiff that Jaffe & Asher's attorneys are not themselves capable of suing Plaintiff.

50. On March 27, 2011, Plaintiff sent a letter to Jaffe disputing the alleged debt and requesting validation of the debt.

51. On April 15, 2011, Defendant Jaffe sent Plaintiff another letter (attached hereto as Plaintiff's Exhibit C).

52. The letter dated April 15, 2011 was signed by Ross Hofherr, an attorney with Jaffe & Asher.

53. The letter dated April 15, 2011 did not inform Plaintiff that Jaffe & Asher's attorneys are not licensed in the state of Florida.

54. The letter dated April 15 and did not advise Plaintiff that Jaffe & Asher's attorneys are not themselves capable of suing Plaintiff.

55. The letter dated April 15, 2011 included a Blue from American Express statement Jaffe provided to Plaintiff as validation of the alleged debt.

56. The Blue from American Express statement showed two different amounts due.

57. The two different dollar amounts the Blue from American Express statement showed were due were $701.00 and $5,065.01 (attached hereto as Plaintiff's Exhibit D).

58. On April 22, 2011, Plaintiff provided written notice to Jaffe & Asher informing them that Plaintiff was electing arbitration through JAMS as the medium in which to resolve the alleged debt (attached hereto as Plaintiff's Exhibit E).

59. JAMS is a national arbitration forum.

60. Plaintiff served Jaffe & Asher with the notice via fax to (212) 687-3601, which Jaffe & Asher received on April 22, 2011 (attached hereto as Plaintiff's Exhibit F).

61. Plaintiff also sent the written notice via Certified US Mail, which Jaffe & Asher received on April 25, 2011 (attached hereto as Plaintiff's Exhibit G).

62. On April 25, Plaintiff received a collections letter from Defendant Henschel, signed by Drew Beinhaker.

63. Defendant Henschel had been contracted by Jaffe & Asher as local counsel for the dispute.

64. On April 25 2011, Plaintiff responded to Defendant Henschel's letter with a letter disputing the alleged debt and requesting written verification of the debt.

65. Included in the Plaintiff's April 25, 2011 letter was written notice informing Henschel that Plaintiff elected arbitration as the medium in which to resolve the alleged debt (attached hereto as Plaintiff's Exhibit H).

66. Plaintiff served Henschel with the letter via fax at (954) 964-4784, which Henschel received on April 25, 2011 (attached hereto as Plaintiff's Exhibit I).

67. Plaintiff also sent Henschel the written notice via Certified US Mail, which Henschel received April 27, 2011 (attached hereto as Plaintiff's Exhibit J).

68. On April 26, 2011, Henschel sent Plaintiff another letter signed by Drew Beinhaker.

69. The letter specified in Paragraph 68 stated it was debt validation per Plaintiff's request.

70. The letter specified in Paragraph 68 included a Blue from American Express statement as validation of the alleged debt (attached hereto as Plaintiff's Exhibit K).

71. The Blue from American Express statement Beinhaker sent to Plaintiff showed two different dollar amounts due.

72. The two different dollar amounts the Blue from American Express showed were due were $701.00 and $5,065.01 (attached hereto as Plaintiff's Exhibit D).

73. The letter specified in Paragraph 68 also included Credit Card Member Agreement as validation of the alleged debt.

74. The Card Member Agreement Beinhaker sent to Plaintiff was entitled *Agreement Between American Express Credit Cardmember and American Express Centurion Bank* and had an effective date of July, 2009 (attached hereto as Plaintiff's Exhibit M).

75. The Agreement specified in Paragraph 70 does not afford certain remedies to consumers that the *Blue from American Express Cardmember Agreement* affords.

76. The *Agreement Between American Express Credit Cardmember and American Express Centurion Bank* does not permit the consumer to arbitrate a dispute through JAMS.

77. The *Blue from American Express Cardmember Agreement* affords a consumer the right to arbitrate a dispute through JAMS.

78. Defendant Henschel filed a lawsuit against Plaintiff in the County Court of the Sixth Judicial Circuit in and for Pasco County Florida, case number 51-2011-CC-001597-XXXX-WS (attached hereto as Plaintiff's Exhibit N).

79. The complaint specified in Paragraph 78 was signed by Defendant Beinhaker.

80. When filing the lawsuit against Plaintiff in State Court, Beinhaker submitted the *Agreement Between American Express Credit Cardmember and American Express Centurion Bank* as its EXHIBIT "A" in support thereof.

81. The lawsuit specified in Paragraph 78 was filed with the Clerk of the Court on April 26, 2011.

82. The Summons for the lawsuit specified in Paragraph 78 was issued on April 29, 2011 (attached hereto as Plaintiff's Exhibit N).

83. Plaintiff was served with the Summons on May 3, 2011.

84. Defendant Jaffe had constructive notice of Plaintiff's arbitration election prior to the lawsuit being filed against Plaintiff.

85. Defendant Jaffe continued its litigation efforts against Plaintiff through local counsel, Defendant Henschel after receiving actual notice of Plaintiff's arbitration election.

86. Defendant Jaffe continued its litigation efforts against Plaintiff through local counsel, Defendant Henschel after the initial filing of the state claim.

87. With regards to Paragraphs 84-86, Defendant Hofherr was the attorney responsible for Plaintiff's account.

88. With regards to Paragraphs 84-86, Defendant Hofherr instructed Defendant Beinhaker to pursue legal action against Plaintiff.

89. Defendant Henschel had constructive notice of Plaintiff's arbitration election prior to filing the lawsuit against Plaintiff.

90. Defendant Henschel continued its litigation efforts against Plaintiff after receiving actual notice of Plaintiff's arbitration election on April 25, 2011.

91. Defendant Henschel continued its litigation efforts against Plaintiff after the initial filing of the State Court lawsuit.

92. With regards to the forgoing paragraphs, Drew Beinhaker was personally responsible for all actions taken by Defendant Henschel.

## FDCPA VIOLATIONS BY DEFENDANT JAFFE & ASHER, LLP.

93. Plaintiff repeats, re-alleges, and incorporates by reference the forgoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

94. The March 22, 2011 letter from Defendant Jaffe to Plaintiff specified in Paragraphs 45-49 violated 15 U.S.C. § 1692e.

95. The April 15, 2011 letter from Defendant Jaffe to Plaintiff specified in Paragraphs 51-54, signed by Defendant Hofherr, violated 15 U.S.C. § 1692e.

96. The Blue from American Express statement specified in Paragraphs 55-57, which was provided to Plaintiff as validation of the alleged debt by Defendant Hofherr violated 15 U.S.C. § 1692e(2)(A).

97. By pursuing litigation efforts against Plaintiff after Plaintiff's arbitration election, Defendant Jaffe violated 15 U.S.C. § 1692d.

98. By pursuing litigation efforts against Plaintiff after Plaintiff's arbitration election, Defendant Jaffe violated 15 U.S.C. § 1692e.

99. By pursuing litigation efforts against Plaintiff after Plaintiff's arbitration election, Defendant Jaffe violated 15 U.S.C. § 1692f.

### FDCPA VIOLATIONS BY DEFENDANT ROSS B. HOFHERR

100. Plaintiff repeats, re-alleges, and incorporates by reference the forgoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

101. The April 15 letter Defendant Hofherr sent to Plaintiff, specified in Paragraphs 51-54, violated 15 U.S.C. § 1692e.

102. The Blue from American Express statement specified in Paragraphs 55-57, which was provided to Plaintiff as validation of the alleged debt by Defendant Hofherr violated 15 U.S.C. § 1692e(2)(A).

103. By instructing Defendant Henschel to pursue litigation efforts against Plaintiff after Plaintiff's arbitration election, Defendant Hofherr violated 15 U.S.C. § 1692d.

104. By instructing Defendant Henschel to pursue litigation efforts against Plaintiff after Plaintiff's arbitration election, Defendant Hofherr violated 15 U.S.C. § 1692e.

105. By instructing Defendant Henschel to pursue litigation efforts against Plaintiff after Plaintiff's arbitration election, Defendant Hofherr violated 15 U.S.C. § 1692f.

## **FDCPA VIOLATIONS BY DEFENDANT HENSCHEL & BEINHAKER, P.A.**

106. Plaintiff repeats, re-alleges, and incorporates by reference the forgoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

107. The Blue from American Express statement specified in Paragraphs 70-72, which Defendant Henschel sent to Plaintiff as validation of the alleged debt violated 15 U.S.C. § 1692e(2)(A).

108. The *Agreement Between American Express Credit Cardmember and American Express Centurion Bank*, specified in Paragraphs 73-76, which Defendant Henschel sent Plaintiff on April 26, 2011 as validation of the alleged debt, violated 15 U.S.C. § 1692d.

109. The *Agreement Between American Express Credit Cardmember and American Express Centurion Bank*, specified in Paragraphs 73-76, which Defendant Henschel sent Plaintiff on April 26, 2011 as validation of the alleged debt, violated 15 U.S.C. § 1692e.

110. By pursuing litigation efforts against Plaintiff after Plaintiff's arbitration election, Defendant Henschel violated 15 U.S.C. § 1692d.

111. By pursuing litigation efforts against Plaintiff after Plaintiff's arbitration election, Defendant Henschel violated 15 U.S.C. § 1692e.

112. By pursuing litigation efforts against Plaintiff after Plaintiff's arbitration election, Defendant Henschel violated 15 U.S.C. § 1692f.

113. Submitting the *Agreement Between American Express Credit Cardmember and American Express Centurion Bank, specified in Paragraphs 73-76*, as EXHIBIT "A" in support of its state Court action against Plaintiff violated 15 U.S.C. § 1692d.

114. Submitting the *Agreement Between American Express Credit Cardmember and American Express Centurion Bank, specified in Paragraphs 73-76,* as EXHIBIT "A" in support of its state Court action against Plaintiff violated 15 U.S.C. § 1692e.

### FDCPA VIOLATIONS BY DEFENDANT DREW BEINHAKER

115. Plaintiff repeats, re-alleges, and incorporates by reference the forgoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

116. Defendant Beinhaker personally performed the action specified in Paragraph 107.

117. Defendant Beinhaker personally performed the action specified in Paragraph 108.

118. Defendant Beinhaker personally performed the action specified in Paragraph 109.

119. Defendant Beinhaker personally performed the action specified in Paragraph 110.

120. Defendant Beinhaker personally performed the action specified in Paragraph 111.

121. Defendant Beinhaker personally performed the action specified in Paragraph 112.

122. Defendant Beinhaker personally performed the action specified in Paragraph 113.

123. Defendant Beinhaker personally performed the action specified in Paragraph 114.

### FCCPA VIOLATIONS BY DEFENDANT JAFFE & ASHER LLP

124. Plaintiff repeats, re-alleges, and incorporates by reference the forgoing paragraphs. The Defendant's violations of the FCCPA include, but are not limited to the following:

125. By pursuing litigation efforts against Plaintiff after Plaintiff's arbitration election, Defendant Jaffe violated FCCPA 559.72(9).

### FCCPA VIOLATIONS BY DEFENDANT ROSS B. HOFHERR

126. Plaintiff repeats, re-alleges, and incorporates by reference the forgoing paragraphs. The Defendant's violations of the FCCPA include, but are not limited to the following:

127. Defendant Hofherr personally performed the action specified in Paragraph 125.

## **FCCPA VIOLATIONS BY HENSCHEL & BEINHAKER, P.A.**

128. Plaintiff repeats, re-alleges, and incorporates by reference the forgoing paragraphs. The Defendant's violations of the FCCPA include, but are not limited to the following:

129. By pursuing litigation efforts against Plaintiff after Plaintiff's arbitration election, Defendant Jaffe violated FCCPA 559.72(9).

## **FCCPA VIOLATIONS BY DEFENDANT DREW BEINHAKER**

130. Plaintiff repeats, re-alleges, and incorporates by reference the forgoing paragraphs. The Defendant's violations of the FCCPA include, but are not limited to the following:

131. Defendant Beinhaker personally performed the action specified in Paragraph 129.

## **CLAIM FOR RELIEF**

132. Plaintiff repeats, re-alleges, and incorporates by reference the forgoing paragraphs.

133. Plaintiff is entitled to statutory damages from Defendant Jaffe & Asher, LLP for each violation specified in Paragraphs 93-123 in an amount not to exceed a total of $1,000 pursuant to 15 U.S.C. § 1692k.

134. Plaintiff is entitled to statutory damages from Defendant Jaffe & Asher, LLP for each violation specified in Paragraphs 124 to 131 in an amount not to exceed a total of $1,000 pursuant to FCCPA 559.77(2).

135. Plaintiff is entitled to actual damages from Defendant Jaffe & Asher, LLP for violations specified in Paragraphs 93-131 pursuant to 15 U.S.C. § 1692k and FCCPA 559.77(2).

136. Plaintiff is entitled to statutory damages from Defendant Ross B. Hofherr for each violation specified in Paragraphs 95-105 in an amount not to exceed a total of $1,000 pursuant to 15 U.S.C. § 1692k.

137. Plaintiff is entitled to statutory damages from Defendant Ross B. Hofherr for each violation specified in Paragraphs 126-127 in an amount not to exceed a total of $1,000 pursuant to FCCPA 559.77(2).

138. Plaintiff is entitled to actual damages from Ross B. Hofherr for violations specified in Paragraphs 95-105 and 126-127 pursuant to 15 U.S.C. § 1692k and FCCPA 559.77(2).

139. Plaintiff is entitled to statutory damages from Defendant Henschel & Beinhaker, P.A. for each violation specified in Paragraphs 106-123 in an amount not to exceed a total of $1,000 pursuant to 15 U.S.C. § 1692k.

140. Plaintiff is entitled to statutory damages from Defendant Henschel & Beinhaker, P.A. for each violation specified in Paragraphs 128-131 in an amount not to exceed a total of $1,000 pursuant to FCCPA 559.77(2).

141. Plaintiff is entitled to actual damages from Defendant Henschel & Beinhaker, PA. for violations specified in Paragraphs 106-123 and 128-131 pursuant to 15 U.S.C. § 1692k and FCCPA 559.77(2).

142. Plaintiff is entitled to attorney's fees and Court costs pursuant to 15 U.S.C. § 1692k and FCCPA 559.77(2).

143. Plaintiff is entitled to statutory damages from Defendant Drew Beinhaker. for each violation specified in Paragraphs 106-123 in an amount not to exceed a total of $1,000 pursuant to 15 U.S.C. § 1692k.

144. Plaintiff is entitled to statutory damages from Defendant Drew Beinhaker for each violation specified in Paragraphs 128-131 in an amount not to exceed a total of $1,000 pursuant to FCCPA 559.77(2).

145. Plaintiff is entitled to actual damages from Defendant Drew Beinhaker for violations specified in Paragraphs 106-123 and 128-131 pursuant to 15 U.S.C. § 1692k and FCCPA 559.77(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Richard H. Hartman prays this Honorable Court find in Plaintiff's favor and enter Judgment against the Defendants for the following:

### I.

Actual damages, pursuant to FDCPA, 15 U.S.C. § 1692k in such amount as is proven at trial.

### II.

Statutory damages of $1,000 against each Defendant, pursuant to FDCPA, 15 U.S.C. § 1692k.

### III.

Actual damages, pursuant to FCCPA 559.77(2) in such amount as is proven at trial.

### IV.

Statutory damages of $1,000 against each Defendant, pursuant to FCCPA 559.77(2).

### V.

Reasonable attorney's fees and costs of this action, pursuant to FDCPA, 15 U.S.C. § 1692k and FCCPA 559.77 (2).

### VI.

Such other and further relief that the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the federal Rules of Civil Procedure, Plaintiff demands trial by jury in this issue of all issues so triable.

Dated May 16, 2011, Pasco County, Florida.

Respectfully submitted,

_____
Richard H. Hartman, Plaintiff

Submitted by:
Richard H. Hartman
12528 Shadow Ridge Blvd
Hudson, FL 34669
813-486-8287
rick@rickhartman.com


## CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I CERTIFY that on the 31st day of May, 2011, I furnished a copy of the forgoing Amended Complaint and Demand for Jury Trial by U.S. Mail to the following Defendants:

Jaffe & Asher, LLP., 600 Third Avenue, New York, NY 10016
Ross B. Hofherr, 600 Third Avenue, New York, NY 10016
Henschel & Beinhaker, P.A., 4060 Sheridan St, Suite C, Hollywood, FL 33021
Drew Beinhaker, 4060 Sheridan St, Suite C, Hollywood, FL 33021

_____
Richard H. Hartman